**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4923**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SHAWNATHON JETER, a/k/a Shawn,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Mary G. Lewis, District Judge.
(7:07-cr-00711-MGL-24)

───────────────

Submitted:  September 11, 2014    Decided:  October 1, 2014

───────────────

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Lora Blanchard, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. William N. Nettles, United States
Attorney, E. Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawnathon Jeter appeals from his twenty-four month sentence imposed pursuant to the revocation of his supervised release. On appeal, Jeter challenges the procedural reasonableness of his sentence, arguing that the district court's explanation was insufficient.[*] We affirm.

In examining a sentence imposed upon revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we must first determine "whether the sentence is unreasonable," using the same general analysis employed to review original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

---

[*] Jeter's counsel originally filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). However, after our independent review of the record, we ordered counsel to file a merits brief.

2

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the Guidelines. Crudup, 461 F.3d at 440. Chapter Seven instructs that, in fashioning a revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012). The statute governing supervised release further directs courts to consider factors enumerated in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e) (2012). The cross-referenced § 3553(a) factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) "the need to avoid unwarranted sentencing disparities among defendants with similar records who

3

have been found guilty of similar conduct"; and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3582 (2012). Absent from these enumerated factors is § 3553(a)(2)(A), which requires district courts to consider the need for the imposed sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

When imposing a revocation sentence, a district court should avoid punishing a defendant for criminal conduct supporting the revocation of his supervised release. Crudup, 461 F.3d at 437-38 (holding that, in fashioning supervised release sentences, Chapter Seven policy statements make clear that primary goal is not to punish new criminal conduct but rather to penalize defendant's failure to comply with court-ordered terms of supervision); USSG ch. 7, pt. A(3)(b). However, while a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment, mere reference to such considerations does not render a revocation sentence

4

procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors. See United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013). Moreover, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted).

Because Jeter argued for a sentence below the advisory Guidelines range, he preserved an argument of procedural error in failing to address his arguments and provide a proper explanation of his sentence. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Preserved claims are reviewed for abuse of discretion, and if this court finds abuse, reversal is required unless the error was harmless. Id. at 576.

Here, the court imposed a twenty-four-month sentence, finding that such a sentence reflected the "seriousness of the offense," promoted respect for the law, provided adequate punishment, and afforded adequate deterrence. The court also recognized that Jeter had not met his "short-term goals" the last time he was released. While the district court's discussion was brief, we find that this case is governed by Webb, where we held that consideration of the omitted § 3553(a) factors was appropriate, so long as the discussion of those factors was connected with enumerated factors. As in this case,

5

the discussion in <u>Webb</u> was brief and conclusory and was mostly a listing of the factors, some enumerated and some omitted, that were considered. However, the court recognized Jeter's failure to comply with the conditions of his supervised release; this was not a complex case; and Jeter was sentenced at the bottom of his Guidelines range.

Accordingly, we affirm Jeter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>